NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAYMOND MILITANTE REBAYA,<br><br>Defendant-Appellant. | No. 18-50267<br><br>D.C. No. 3:18-cr-00449-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted May 13, 2020[**]
Pasadena, California

Before: WARDLAW, COOK,[***] and HUNSAKER, Circuit Judges.

Raymond Rebaya pleaded guilty under Federal Rule of Criminal Procedure

11(c)(1)(B) ("Type-B plea") before a magistrate judge. The district court purported

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to reject Rebaya's plea deal and imposed sentence without giving Rebaya a chance to withdraw his guilty plea. Rebaya appeals. Because the district court did not plainly err in sentencing Rebaya without providing him an opportunity to withdraw his plea, we affirm.

Rebaya raises Rule 11 objections for the first time on appeal, so we review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

## A. Right to Withdraw a Guilty Plea

Rebaya challenges the district court's failure to offer him sua sponte a chance to withdraw his guilty plea after it rejected his Type-B plea deal with the government. When a court rejects a plea made under Rule 11(c)(1)(A) or (C), it must "give the defendant an opportunity to withdraw the plea[.]" Fed. R. Crim. P. 11(c)(5)(B). But no corresponding language governs Type-B plea agreements. Because "[t]raditional canons of statutory construction suggest that this omission was meaningful[,]" *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017), we presume that the Rules drafters acted "intentionally and purposely" by omitting the right to withdraw from Type-B agreements. *See Russello v. United States*, 464 U.S. 16, 23 (1983) (quotation omitted); *see also* Fed. R. Crim. P. 11 advisory committee's note to 1979 amendment (providing that a Type-B plea is an "agreement to recommend" that need not be accepted or rejected because it "is discharged when the prosecutor performs as he agreed to do").

To withdraw a Type-B plea, then, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Rebaya argues that the district court's rejection of his plea agreement provides such a reason. But Rebaya's only support comes from out-of-circuit authority that conflicts with Rule 11's omission of the right to withdraw from Type-B agreements. Rebaya cannot demonstrate plain error "where there is no controlling authority on point and where the most closely analogous [authority] leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003).

## B. Plea Colloquy

Rebaya contends that the magistrate judge's plea colloquy violated Rule 11(c)(3)(B). That provision says "the court must advise" a defendant who entered into a Type-B plea deal "that the defendant has no right to withdraw the plea if the court does not follow the [sentencing] recommendation or request." Fed. R. Crim. P. 11(c)(3)(B). Here the magistrate judge informed Rebaya that the "guidelines are advisory and not mandatory," so "the sentencing judge is not bound by them and can vary from the guideline recommendations[.]" And the magistrate twice advised him, "Once you're sentenced you cannot withdraw the plea you're making here today."

Even assuming the district court's warnings were inadequate, however, Rebaya cannot establish plain error. *See Dominguez Benitez*, 542 U.S. at 83 (holding that Rule 11 plain error warrants reversal only if there is "a reasonable probability

- 3 -

that, but for the error, [the defendant] would not have entered the plea"). Rebaya does not argue—much less demonstrate a "reasonable probability"—that he would not have pled guilty had the magistrate judge's instructions tracked the language of Rule 11 verbatim. Accordingly, Rebaya cannot establish plain error.

**AFFIRMED.**